UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TONDA BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:16-CV-128 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| SPERRY VAN NESS/R.M. MOORE, LLC ) | |
| and LISA SBORDONE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

Before the Court is a third motion to extend Plaintiff's deadline to respond to Defendants' motion for partial summary judgment. (Doc. 31.) Defendants' pending motion argues that because Defendant Sperry Van Ness/R.M. Moore, LLC ("SVN/RMM") has fewer than twenty employees, Plaintiff's claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq.*, and the Consolidated Omnibus Benefits Reconciliation Act (COBRA), 29 U.S.C. §§ 1161, *et seq.*, should be dismissed. (Doc. 15.) Plaintiff now requests a briefing extension of just over one month, to September 20, 2016, to allow her to receive and review certain documents from SVN/RMM before she responds. (Doc. 31.) Plaintiff posits that certain individuals whom SVN/RMM classifies as independent contractors may actually be employees, and states some of the documents she seeks are necessary to resolve the question.

Plaintiff's response deadline has previously been extended twice at the joint request of the parties to allow limited discovery on SVN/RMM's number of employees.[1] (Docs. 21, 28.) During the first extension, SVN/RMM produced certain reports and spreadsheets relating to its

---

[1] The Court commends the parties for their ability to reach agreement on these two previous discovery issues.

number of employees. During the second extension, Plaintiff deposed two witnesses, including the SVN/RMM bookkeeper who had signed a declaration in support of Defendants' motion for partial summary judgment. (*See* Doc. 17.)

On August 3, 2016, the day after the depositions, Plaintiff served a second Request for Production of Documents on SVN/RMM, seeking such documents as franchise agreements, contracts with certain named individuals, policies and procedures, remuneration documents, employee handbooks, and correspondence relating to Plaintiff or human resources matters. (Doc. 31-1.) Plaintiff states that SVN/RMM's responses are due on September 6, 2016, and she requests until September 20 to file her response to Defendants' motion, with Defendants' reply to be due on September 30.

Defendants oppose any further extension of the briefing schedule. (Doc. 32.) They argue Plaintiff has not been diligent in that she had access to all the information she needed to conclude that SVN/RMM does not classify its brokers as employees more than two months ago, and she could have made her current requests in sufficient time to obviate the need for an additional extension. Defendants also argue they will be unduly prejudiced by any delay, in that they may not then be able to avoid the expense of discovery on Plaintiff's ADEA and COBRA claims,[2] as they had hoped to do by filing an early motion for judgment on those claims.

If a party responding to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the trial court may defer or deny the summary judgment motion or allow time to take discovery. Fed. R. Civ. P. 56(d). Alternatively, a nonmovant may file a motion requesting an extension to

---

[2] Defendants invoke the detailed and costly nature of discovery in cases under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* (Doc. 32 at 5.) Defendants presumably meant to refer to discovery in either COBRA or ADEA cases.

take discovery before responding to a motion for summary judgment.[3] Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment. The main inquiry in assessing a request under Rule 56(d) is "whether the moving party was diligent in pursuing discovery."[4] *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). In some circuits, a request for additional time to conduct discovery is granted "almost as a matter of course unless the non-moving party has not diligently pursued discovery." *Id.* at 623 n.7 (quoting *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012)).

The Court finds Plaintiff has been sufficiently diligent in pursuing discovery to date to warrant one additional extension of the briefing schedule. Although Plaintiff may have previously had access to information sufficient to conclude that SVN/RMM's brokers are classified as independent contractors, Plaintiff indicates it was not until the depositions that she received information indicating the brokers might be misclassified. Moreover, fact discovery is not scheduled to close until January 31, 2017. (Doc. 29.) Given Rule 56(d)'s recognition that a party should not be forced to respond to a motion for summary judgment without a reasonable opportunity to obtain evidence it needs to defeat a motion, the Court concludes the requested extension is appropriate. *See, e.g.*, *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir.

---

[3] The Court of Appeals for the Sixth Circuit "has intimated that either a Rule 56([d]) affidavit 'or a motion' would suffice" to demonstrate the nonmovant's need for an extension. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488–89 (6th Cir. 2000) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)). In any case, Defendants' have not objected to the lack of an affidavit in support of Plaintiff's request.

[4] Other factors the Court of Appeals considers include (1) when the requesting party learned of the issue; (2) whether the discovery would have changed the outcome at the trial court level; (3) the length of the discovery period; (4) whether the requesting party was dilatory in discovery; and (5) whether the opposing party was responsive to discovery requests. *F.T.C.*, 767 F.3d at 623 (quoting *Plott*, 71 F.3d at 1196–97).

3

2005) (reversing trial court's order allowing only limited discovery before responding to motion for summary judgment at the beginning of discovery period).

The Court acknowledges Defendants' concern about incurring potentially unnecessary discovery costs in connection with discovery on Plaintiff's ADEA and COBRA claims. Defendants have, however, cited no authority to support the proposition that having to complete discovery on all of Plaintiff's claims within the authorized discovery period would prejudice Defendants enough to warrant denying Plaintiff's motion for an extension of the briefing schedule. This is especially true where Defendants have not explained in what way discovery on Plaintiff's ADEA and COBRA claims would add significantly to the expenses of discovery on Plaintiff's eight remaining discrimination claims.

For good cause shown, the motion to extend (Doc. 31) is **GRANTED**. Plaintiff may respond to Defendants' motion for partial summary judgment (Doc. 15) on or before **September 20, 2016**. Defendants' time to reply shall be governed by Local Rule 7.1 and Rule 6 of the Federal Rules of Civil Procedure. The Court will not, however, look favorably on any additional request to extend Plaintiff's response deadline.

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**